UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M. FIELDS,

      Plaintiff,

v.                                    Case No. 4:04-CV-66
                                    Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on December 5, 1956 and has a high school diploma (AR 41, 59).[1] He stated that he became disabled on March 31, 2001 (AR 41). He had previous employment as a tire technician and maintenance worker (AR 54).

Plaintiff underwent heart bypass surgery on April 9, 2001 (AR 16). Plaintiff identified his disabling condition as a heart attack and heart bypass surgery which resulted in the inability to stand for a long time or to bend over, chest pain, shortness of breath, and lifting weight restrictions (AR 53). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on July 22, 2003 (AR 14-20). This decision, which was later

---

[1] Citations to the administrative record will be referenced as (AR "page #").

approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. *Id.* (citing 20 C.F.R. §§ 404.1520(b) and 416.920(b)(2000)). Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." *Id.* (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)(2000)). Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled. *Abbott*, 905 F.2d at 923.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the

evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability (AR 19). Second, the ALJ found that he suffered from severe impairments of ischemic heart disease, hypertensive heart disease and obesity (AR 19). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 19). The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) to perform the requirements of work except for the following:

> performing jobs which do not allow alternate sitting and standing generally at the discretion of the employee and lifting greater than ten pounds frequently or twenty pounds occasionally; work requiring crawling or crouching; work requiring more than occasional bending, stooping, kneeling, or climbing ramps; work requiring exposure to temperature extremes or air pollutants; working around hazardous machinery or at unprotected heights.

(AR 19). The ALJ further concluded that plaintiff was unable to perform his past relevant work (AR 21).

At the fifth step, the ALJ determined that plaintiff was capable of performing a wide range of light and sedentary work (AR 19). Specifically, the ALJ found that an individual with plaintiff's limitations could perform the following jobs in Michigan: sorter (1,500 jobs); bench assembler (3,500 jobs); security monitor (2,000 jobs); package sorter (3,000 jobs); and ticket sales (3,000 jobs) (AR 18). The ALJ also found plaintiff's allegations regarding his limitations were not

4

fully credible (AR 19). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 19-20).

**III. ANALYSIS**

Plaintiff raises several issues on appeal.[2]

> **A. The Commissioner committed legal error by failing to follow [her] own regulations/rules in assessment of [plaintiff's] allegation of disabling fatigue. Reversal of the denial of benefits, or, in the alternative, remand to the Commissioner is therefore appropriate.**
>
> **1. The [ALJ] committed legal error by misapplying the threshold severity test to deny [plaintiff's] claim of disability.**

First, plaintiff contends that the ALJ erred by either misapplying or failing to apply the "de minimis threshold severity test." Plaintiff's Brief at 7. Specifically, plaintiff contends that the ALJ misapplied the test "in assessing the impact of [plaintiff's] depressive syndrome/anxiety impairments." *Id.* at 6. The ALJ observed that plaintiff had anxiety due to his medical condition and financial situation, but found that plaintiff's situational depression and anxiety would not prevent work activity (AR 17). The ALJ based this finding upon a psychiatric consultation while plaintiff was hospitalized in January 2002 (AR 169, 177).[3]

A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits [the claimant's] physical or mental ability to do basic work activities."

---

[2] Plaintiff's arguments do not correspond to the four "statement of errors/questions involved for review" as set forth in the brief. *See* Plaintiff's Brief at iii. Accordingly, the court will address the various arguments raised within the body of the brief.

[3] The ALJ mistakenly cited the psychiatric consultation report as occurring on January 23, 2003 rather than January 23, 2002 (AR 17, 177).

5

20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Id.* An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id.* Here, the ALJ found that plaintiff suffered from severe impairments of ischemic heart disease, hypertensive heart disease and obesity (AR 19). Accordingly, the ALJ's failure to find specific mental impairments as severe impairments is not error requiring reversal. *See Maziarz*, 837 F.2d at 244.[4]

> **2. The Commissioner committed legal error when [her] administrative law judge incorrectly discounted [plaintiff's] allegation of disabling fatigue, notwithstanding the 6th Circuit Court of Appeals' *Felisky v. Secretary of HHS* declaration of those factors the Commissioner is required to consider, in assessing allegations of disabling fatigue.**

Next, plaintiff contends that the ALJ failed to properly assess "a fatigue complaint upon evaluation of [plaintiff's] allegation of medications usage-related chronic tiredness." Plaintiff's Brief at 10. Apparently, plaintiff contends that his medications cause him to be tired and require frequent napping throughout the day (AR 75, 260). Plaintiff's Brief at 3. Allegations of a medication's side effects must be supported by objective medical evidence. *Farhat v. Secretary of Health and Human Servs.*, No. 91-1925, 1992 WL 174540 at * 3 (6th Cir. July 24, 1992). *See, e.g., Bentley v. Commissoner of Social Security*, No. 00-6403, 2001 WL 1450803 at *1 (6th Cir. Nov. 6,

---

[4] Furthermore, plaintiff has no medical history of depression or anxiety beyond his hospital visit in January 2002. Plaintiff made no mention of depression or anxiety in subsequent visits with his cardiologist, Dr. Azevedo (AR 196-97, 199-200, 203-04, 205, 207, 210-11, 212).

2001) (noting absence of reports by treating physicians that claimant's "medication caused drowsiness as a side effect"); *Donegan v. Secretary of Health & Human Servs.*, No. 92-1632, 1993 WL 291301 at *7 (6th Cir. Aug. 2, 1993) (no objective medical evidence supported claimant's allegation that Tylenol 3 made him so drowsy he could not work); *Dodd v. Sullivan*, 963 F.2d 171, 172 (8th Cir. 1992) (no evidence in record that claimant told his doctors that the medication made him drowsy); *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (noting that the record did not disclose concerns about side effects by the several doctors who examined and treated claimant).

The ALJ observed that plaintiff took several medications and claimed that the medications made him tired (AR 17). There is no question that plaintiff has been prescribed numerous medications (AR 193, 195). For example, Dr. Azevedo stated that plaintiff was taking the following medications in January 2003: coreg, aspirin, actos, bumex, glyburide, potassium, lipitor, amaryl, benicar, zaroxolyn and diovan (AR196-97, 199-200, 203-04). However, plaintiff did not report any side effects to the doctor (AR 195, 196-97, 199-200, 203-04, 205, 207, 210-11, 212). The ALJ also observed that plaintiff was noncompliant with his medications (AR 17, 205). In short, there is no objective medical evidence to support plaintiff's claim that his medication's side effects are so extreme as to preclude all employment. Accordingly, the ALJ did not err in rejecting plaintiff's claim regarding the disabling side effects of his medication.

> **B. A searching investigation of the entire administrative record does not demonstrate substantial evidence to support the Commissioner's denial of [plaintiff's] claim, for substantial evidence to the contrary demonstrates that [plaintiff] was under a disability from all substantial gainful activity from his March 31, 2001 onset date, and that he remains under such disability.**
>
> **1. There is no substantial evidence to support the Commissioner's erroneous factual conclusion that [plaintiff] was not disabled within the meaning of the Social Security Act.**

Plaintiff contends that the decision is not supported by substantial evidence. Specifically, the ALJ failed to properly evaluate his "medications usage-related diminution in concentration," and the fatigue caused by the medications and his underlying cardiovascular pathology. Plaintiff's Brief at 11-12. I disagree. The ALJ's conclusion is supported by substantial evidence. In a post-operative examination in June 2001, Dr. Azevedo stated that plaintiff was doing well after the surgery and that he could go back to work with a 20-pound weight restriction (AR 144). In November 2002, Dr. Azevedo observed that plaintiff could walk five miles on flat ground without problems (AR 211). In addition, the ALJ found that plaintiff was able to drive, go grocery shopping with his wife, watch television all day, help his children repair their bikes and put alternators together (AR 17). At the hearing, the ALJ noticed that plaintiff had ground-in dirt under his fingernails, which indicated that he had been doing a significant amount of manual labor (AR 17). When asked about the dirty fingernails, plaintiff testified that he puts together alternators and "stuff" on the dining room table for his cousins (AR 17, 244). Plaintiff's ability to engage in these types of activities are not indicative of an invalid, incapable of performing sedentary types of work.

*See Gist v. Secretary of Health and Human Services*, 736 F.2d 352 (6th Cir. 1984)(capacity to perform daily activities on a regular basis will militate against a finding of disability); *Crisp v. Secretary of Health and Human Services*, 790 F.2d 450, 453 (6th Cir. 1986); *Foster v. Bowen*, 853 F.2d 483, 491 (6th Cir. 1988).

> **2. Substantial evidence demonstrate that [plaintiff] is unable to perform any substantial gainful activity.**
>
> **a. The vocational expert's testimony concerning [plaintiff's] ability to perform a limited range of light-sedentary work activities does not qualify as substantial evidence because it was evoked by the ALJ's inaccurate and incomplete hypothetical question.**
>
> **b. The vocational expert's testimony directs a finding that [plaintiff] is under disability, and has been under a disability since his March 31, 2001 onset.**

Next, plaintiff contends that the ALJ posed inaccurate hypothetical questions to the vocational expert (VE). Specifically, the ALJ's hypothetical questions failed to incorporate the "fatigue-related diminution in [plaintiff's] concentration," psychiatric impairments, or the postural limitations caused by plaintiff's need to elevate his lower extremities. Plaintiff's Brief at 14. Plaintiff also claims that the VE's testimony directs a finding of disability based on hypothetical questions posed by plaintiff's counsel. *Id.*

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question

9

need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

Here, the ALJ did not find the additional limitations, claimed by plaintiff and left out of the hypothetical, to be credible. As previously discussed, the ALJ found that neither plaintiff's depression nor his anxiety would prevent him from engaging in work activity (AR 17). While the ALJ noted plaintiff's claim that he is a poor reader and forgets things easily, the ALJ pointed out that plaintiff has the ability to drive, go grocery shopping with his wife, watch television all day, help his children repair their bikes and rebuild alternators at home (AR 17). Such activities do not demonstrate a lack of concentration so debilitating as to preclude employment.

Finally, the ALJ did not consider plaintiff's testimony that he needed to elevate his legs when he sleeps, because this occurred at night, not during the work day (AR 279). Plaintiff claimed that he elevates his lower extremities when he sits in a chair (AR 279). The ALJ acknowledged that if plaintiff needed to keep his legs elevated throughout the day, then this would be a work preclusive limitation (AR 278-80). However, the ALJ did not accept this allegation as credible. While plaintiff testified that Dr. Avezedo told him to keep his legs up (AR 280), the court found no doctor's order or work restriction requiring plaintiff to elevate his legs throughout the day.

"It [i]s for the Secretary and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). When discrepancies exist between the claimant's testimony and the written record, the reviewing court does not substitute its

credibility findings for that of the ALJ. *See Bentley*, 2001 WL 1450803 at *1; *Gooch v. Secretary of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). In the present case, discrepancies exist between plaintiff's testimony and the other evidence in the record with respect to these additional limitations (lack of concentration, psychiatric impairments and need to elevate his legs). Accordingly, the ALJ could properly determine that these limitations were not credible.

**IV.     Recommendation**

For the reasons discussed, I find the Commissioner's decision is supported by substantial evidence and respectfully recommend that it be affirmed.

Dated:     June 8, 2005                          /s/  Hugh W. Brenneman, Jr.
                                                 Hugh W. Brenneman, Jr.
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).